UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH FOUNDATION, a Washington nonprofit corporation doing business as PROVIDENCE, and DOES 1-20,<br><br>Defendant. | No. 2:23-cv-1723<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[CLERK'S ACTION REQUIRED]** |

TO:  Clerk, United States District Court for the Western District of Washington

AND TO:  Plaintiff Shannon Spencer, and his attorneys of record.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Providence St. Joseph Health Foundation ("**Defendant**"), hereby removes this action, originally noticed to be filed in the Superior Court of the State of Washington in and for the County of King (the "**State Court Action**"), to the United States District Court for the Western District of Washington at Seattle. In support of this removal, Defendant states as follows:

1. As set forth below, the case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("**CAFA**"), in that this matter is a civil action in which the amount in controversy

NOTICE OF REMOVAL TO FEDERAL COURT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

exceeds the sum of $5,000,000 exclusive of costs and interest, there are more than 100 members in the putative class, and the matter is between citizens of different states.

2. By filing this Notice of Removal, Defendant does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the State Court Action, and all other defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

**Commencement and Pendency of Action in State Court**

3. Plaintiff, Shannon Spencer ("**Plaintiff**"), noticed and served a Class Action Complaint for Damages (the "**Complaint**") in King County Superior Court against Defendant. Plaintiff has not yet filed the State Court Action in King County Superior Court. However, Plaintiff served the Complaint on Defendant on October 12, 2023.

4. A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**. These materials comprise "all process, pleadings and orders served" upon Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a).

5. In the Complaint, Plaintiff seeks to certify a proposed class defined as:

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position.

*See* Ex. A, Complaint ¶ 19. The Complaint asserts three (3) causes of action against Defendant on behalf of Plaintiff and the putative class, including: (i) violation of RCW 49.58.110; (ii) injunctive relief; and (iii) declaratory relief. *See id*. at ¶¶ 27-36.

**Basis for Removal**

6. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant,"

NOTICE OF REMOVAL TO FEDERAL COURT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). These three requirements are satisfied.

### Diversity of Citizenship

7. 28 U.S.C. § 1332(d)(2)(A) requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." For purposes of this section, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1).

8. As noted above and according to the Complaint, the putative class includes:

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position.

*See* Ex. A, Complaint ¶ 19.

9. While Defendant asserts that Plaintiff has failed to state a legally tenable class or claim against Defendant, taking Plaintiff's definition as proper for purposes of jurisdiction only, Defendant reviewed the applicant submissions for its job openings in the State of Washington during the above-stated time period and found that at least one applicant (and in fact numerous applicants) is a citizen of a state other than Washington.

10. Defendant is a non-profit Washington corporation with its principal place of business located at 1801 Lind Ave. SW, Renton, Washington. *See id*. at ¶¶ 3-4.

11. Because at least one member of the purported class is a citizen of a different state than at least one defendant, the diversity requirement set forth in 28 U.S.C. § 1332(d)(2) is satisfied.

### The Putative Class Exceeds 100 Members

12. As noted above and according to the Complaint, the putative class includes:

> All individuals who, from January 1, 2023 through the date notice is

NOTICE OF REMOVAL TO FEDERAL COURT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position.

*See* Ex. A, Complaint ¶ 19.

13. Again setting aside Defendant's objections to the alleged class definition, Defendant's records show that the number of putative class members (all individuals who, from January 1, 2023, through the present who applied for a job opening in the State of Washington with Defendant) well exceeds 100. As such, the putative class size requirement set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

## The Amount in Controversy Exceeds $5,000,000

14. Although the Complaint does not set forth the dollar amount prayed for, and Defendant denies all liability alleged in the Complaint, if Plaintiff's claims were substantiated and completely successful, the aggregate amount in dispute would exceed $5,000,000.

15. Plaintiff alleges three (3) causes of action on a class basis during the putative class period, which include:

    a) Violation of RCW 49.58.110;

    b) Injunctive relief; and

    c) Declaratory relief.

*See* Ex. A, Complaint ¶¶ 27-36.

16. While Defendant denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy for CAFA jurisdiction, the Court must assume Plaintiff's allegations as set forth in the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all his claims. *See Cain v. Hartford Life & Acc. Ins.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012). Thus, the "amount in controversy" is the total "amount at stake in the underlying litigation" and must include damages (compensatory, punitive, or otherwise), the cost of complying with an injunction, and attorneys' fees awarded under fee shifting statutes. *Gonzalez*

NOTICE OF REMOVAL TO FEDERAL COURT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). A defendant need only put forth a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; evidentiary submissions are not required. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

17. Here, Plaintiff seeks remedies under RCW 49.58.070 for actual damages or statutory damages of $5,000, whichever is greater, along with his attorneys' fees through final judgment. *See* Ex. A, Complaint, at 7 ("Request for Relief").

18. <u>Statutory Damages</u>. Plaintiff seeks $5,000 in statutory damages under RCW 49.58.070. *Id*. Although Defendant believes that the Complaint does not plead a legally tenable class or claim, potential statutory damages exceed the $5,000,000 threshold for CAFA based on the number of potential class members as Plaintiff appears to define them. Defendant alleges that, based on a review of its records, the purported class has over 1,000 members and the statutory damages for over 1,000 members exceeds the CAFA threshold amount (1,001 members * $5,000 statutory damages = $5,005,000).

19. <u>Attorneys' Fees</u>. Future attorneys' fees may also be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). For purposes of determining the amount in controversy under CAFA, class action counsel attorney fees could be assumed to equal 25% of the amount of damages alleged by Plaintiff. See *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25% of the common fund as a benchmark award for attorney fees.'") (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). The alleged amount claimed for statutory class damages multiplied by 25% results in an additional $1,251,250 in fees for the purposes of removal calculations.

20. Under CAFA, "the claims of all members of a putative class shall be aggregated" to determine the amount in controversy. *See* 28 U.S.C. § 1332(d)(6). Given that the Complaint seeks the above-described damages, attorney's fees, and other relief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and therefore satisfies the

NOTICE OF REMOVAL TO FEDERAL COURT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

jurisdictional minimum set forth in 28 U.S.C. § 1332(d)(2).

**This Notice of Removal is Timely Filed**

21.     Notice of removal must generally be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. §§ 1446(b)(1) and 1453(b).

22.     Defendant was served in the State Court Action with a copy of the Summons and Complaint by personal service on its registered agent on October 12, 2023. Ex. A. This Notice of Removal is being filed within 30 days of that date.

**The Removal Venue Is Proper**

23.     Removal is properly made to the United States District Court for the Western District of Washington at Seattle under 28 U.S.C. 1441(b), because the Superior Court for the State of Washington, County of King, where the State Court Action is currently pending, is within the Western District of Washington.

**Defendant Has Sufficient Consent**

24.     Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. Defendant is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendant has sufficient consent to remove the State Court Action.

**Notice to Plaintiff and State Court**

25.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

NOTICE OF REMOVAL TO FEDERAL COURT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

promptly served upon counsel for Plaintiff and a copy is being sent to the Clerk of the Superior Court of the State of Washington, County of King (this filing is done for purposes of technical compliance with the removal statute as Plaintiff has not yet filed the Complaint in the state court).

26. <u>Court file</u>. Defendant is in compliance with 28 U.S.C. § 1446(a), 28 U.S.C. § 1447(b), and CR 101(b). Because Plaintiff has not yet filed the Complaint in the King County Superior Court, there are no copies of process, pleadings, and orders filed in the state court action. All pleadings served on Defendant are attached hereto as Ex. A.

**WHEREFORE**, Defendant respectfully requests removal of the State Court Action from the Superior Court of the State of Washington, County of King, to the United States District Court for the Western District of Washington at Seattle.

DATED November 10, 2023

K&L GATES LLP

By: *s/ Todd L. Nunn*
By: *s/ Patrick M. Madden*
Todd L. Nunn, WSBA # 320687
Patrick M. Madden, WSBA # 21356
925 Fourth Avenue, Suite 2900
Seattle, Washington  98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: todd.nunn@klgates.com
   patrick.madden@klgates.com

*Attorneys for Defendant*

NOTICE OF REMOVAL TO FEDERAL COURT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# CERTIFICATE OF SERVICE

I certify that on November 10, 2023, I caused the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Timothy W. Emery, WSBA #34078<br>Patrick B. Reddy, WSBA #34092<br>Paul Cipriani, WSBA #59991<br>Emery Reddy PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: 206-442-9106<br>Email: emeryt@emeryreddy.com<br>     reddyp@emeryreddy.com<br>     paul@emeryreddy.com | ☑ Via U.S. 1st Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☑ Via Email<br>☑   E-Service |

DATED November 10, 2023, at Seattle, Washington.

By: *s/ Abigail D. Belscher*
Abigail D. Belscher, Practice Assistant
Abigail.Belscher@klgates.com

NOTICE OF REMOVAL TO FEDERAL COURT - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022