# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
10/12/2023
CT Log Number 544912698

## Service of Process Transmittal Summary

**TO:** PSORisk ManagementServiceofProces
PROVIDENCE HEALTH & SERVICES
C/ORISK MANAGEMENT, 1801 LIND AVENUE SW
#9016
RENTON, WA 98057-9016

**RE:** **Process Served in Washington**

**FOR:** PROVIDENCE ST. JOSEPH HEALTH FOUNDATION  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHANNON SPENCER, individually and on behalf of all others similarly situated vs. PROVIDENCE ST. JOSEPH HEALTH FOUNDATION |
| **CASE #:** | None Specified |
| **PROCESS SERVED ON:** | CT Corporation System, Olympia, WA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/12/2023 at 12:35 |
| **JURISDICTION SERVED:** | Washington |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  PSORisk ManagementServiceofProces  psorisk.managementserviceofprocess@providence.org |
| | Email Notification,  Christina Benedict  christina.benedict@providence.org |
| | Email Notification,  Bonnie Harrison  bonnie.harrison@providence.org |
| | Email Notification,  Katina Thornock  katina.thornock@providence.org |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
711 Capitol Way S
Suite 204
Olympia, WA 98501
877-564-7529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Oct 12, 2023
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | PROVIDENCE ST. JOSEPH HEALTH FOUNDATION |
| Case Number | N/A |
| Jurisdiction | WA |

| Inserts | | |
|---|---|---|
| | | |



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH FOUNDATION, a Washington nonprofit corporation doing business as PROVIDENCE; and DOES 1-20,<br><br>Defendants. | No.<br><br>SUMMONS (20 DAYS) |

TO:   PROVIDENCE ST. JOSEPH HEALTH FOUNDATION, a Washington nonprofit corporation doing business as PROVIDENCE.

A lawsuit has been started against you in the above entitled court by the above-captioned plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for

SUMMONS (20 DAYS) - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of The State of Washington.

DATED October 10, 2023.        EMERY | REDDY, PLLC


By:    /s/ Timothy W. Emery
       Timothy W. Emery, WSBA No. 34078
       Patrick B. Reddy, WSBA No. 34092
       Paul Cipriani, WSBA No. 59991
       Emery Reddy, PLLC
       600 Stewart Street, Suite 1100
       Seattle, WA 98101
       Phone: (206) 442-9106
       Fax: (206) 441-9711
       Email: emeryt@emeryreddy.com
       Email: reddyp@emeryreddy.com
       Email: paul@emeryreddy.com
       *Attorneys for Plaintiff Shannon Spencer and the Class*

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH FOUNDATION, a Washington nonprofit corporation doing business as PROVIDENCE; and DOES 1-20,<br><br>Defendants. | No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF |

Plaintiff Shannon Spencer, on behalf of himself and all others similarly situated (the "Class"), by and through counsel, brings this Class Action Complaint against the above-captioned Defendant ("Defendant") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigations, and upon information and belief as to all other matters, as follows:

## I.   NATURE OF THE CASE

1. Effective January 1, 2023, employers must disclose in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1).

2. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington."

RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

3. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." H.B. Rep. ESSB 5761, at 2 (Wash. 2022). The Equal Pay and Opportunities Act ("EPOA") "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3 (Wash. 2022). The EPOA makes Washington "more competitive for job seekers..." *Id*.

4. This is a class action on behalf of individuals who applied to job openings with the Defendant where the job postings did not include the wage scale or salary range in direct violation of RCW 49.58.110.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

6. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendant resides and transacts business in King County, Washington.

7. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) Defendant is a Washington entity; (b) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendant; (c) Defendant is registered to conduct business, and regularly transacts business, within Washington; (d) the alleged conduct of Defendant occurred within Washington; (e) the injuries to Plaintiff and the Class occurred within Washington; and (f) during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against Defendant on behalf of the same persons.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 2

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

### III. PARTIES

8. Plaintiff Shannon Spencer is a resident of King County, Washington and applied to work for Defendant at its location in Seattle, Washington.

9. Defendant is a nonprofit corporation doing business as Providence. Defendant regularly transacts business in King County, Washington and has multiple locations for the transaction of business in King County, Washington, including at 1901 Lind Avenue SW, Renton, Washington 98057.

10. Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

### IV. FACTS APPLICABLE TO THE CLASS AND ALL CAUSES OF ACTION

11. Effective January 1, 2023, all Washington employers are required to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110.

12. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

13. Defendant employs more than 15 individuals.

14. From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendant for positions located in Washington state where the postings did not disclose the wage scale or salary range.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 3

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

15. On or about August 28, 2023, Plaintiff applied for a job opening of IS Support Specialist in King County, Washington with Defendant. The posting for the job opening did not disclose the wage scale or salary range.

16. Plaintiff and the Class members lost valuable time applying for jobs with Defendant for which the wage scale or salary range was not disclosed to them.

17. As a result of Plaintiff's and Class members' inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiff and the Class members were harmed.

18. As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

## V.    CLASS ACTION ALLEGATIONS

19. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position.

20. Excluded from the Class are the Defendant and Defendant's officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

21. <u>Numerosity</u>. There are potentially hundreds of individuals who applied for jobs with Defendant within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

22. <u>Commonality</u>. Because all applicants applied for job openings that did not disclose the wage scale or salary range, this is a straightforward matter of determining whether Defendant's actions violate Washington law, and, if so, assessing damages.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

23. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all applied for job openings with Defendant that did not disclose the wage scale or salary range.

24. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

25. <u>Predominance</u>. Defendant has engaged in a common course of conduct of failing to disclose the wage scale or salary range in job postings in violation of RCW 49.58.110. The common issues arising from Defendant's unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

26. <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings to which they applied are readily identifiable through Defendant's own records.

///

///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
*Claim of Relief for Plaintiff and the Class*

27. Plaintiff incorporates by reference all foregoing factual allegations.

28. As described more fully above, Defendant did not disclose the wage scale or salary range in its job postings.

29. On or after January 1, 2023, Plaintiff and the Class applied for job openings with the Defendant where the postings did not disclose the wage scale or salary range.

30. Defendant's actions and/or omissions violate RCW 49.58.110.

31. As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

### SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF
*Claim of Relief for Plaintiff and the Class*

32. Plaintiff incorporates by reference all foregoing factual allegations.

33. Plaintiff and the Class are entitled to an injunction prohibiting Defendant from further violations of Washington law. Specifically, Plaintiff seeks injunctive relief to require Defendant to disclose in each posting for each job opening the wage scale or salary range.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF
*Claim of Relief for Plaintiff and the Class*

34. Plaintiff incorporates by reference all foregoing factual allegations.

35. Plaintiff and the Class are entitled to a declaration that Defendant's practice of failing to disclose in each posting for each job opening the wage scale or salary range is illegal.

36. Plaintiff and the Class are entitled to a final judicial determination of the amounts owing to Plaintiff and the Class as a result of Defendant's failure to disclose in each posting for each job opening the wage scale or salary range.

///

///

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows:

1. An Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

2. Statutory damages equal to Plaintiff's and the Class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1);

3. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070(1);

4. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein, including, but not limited to, an Order requiring Defendant to disclose in each posting for each job opening the wage scale or salary range;

5. Declaratory relief to the effect that Defendant's failure to disclose in each posting for each job opening the wage scale or salary range violates Washington law;

6. Pre- and post-judgment interest;

7. Leave to amend the Complaint to conform to the evidence; and

8. Any additional or further relief which the Court deems equitable, appropriate, or just.

///
///
///
///
///
///
///
///
///

| | | |
|---|---|---|
| DATED October 10, 2023 | | EMERY | REDDY, PLLC |
| | By: | /s/ Timothy W. Emery |

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff Shannon Spencer and the Class*

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 8

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711